PALACIOS, APPELLANT, *v.* REGISTRAR OF HUMACAO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Purchase and Sale.

No. 572.—Decided November 12, 1923.

RECORD OF TITLE — PARTNERSHIP — MANAGING PARTNER — CONVEYANCE OF REAL PROPERTY—AUTHORITY OF PARTNER—DEFECTS.—A deed in which a mercantile partnership appears as conveying real property by its self-styled managing partner was refused admission to record because the authority of the managing partner was not duly shown, and the court affirmed the registrar's decision. The authority of the managing partner should have been made to appear either by copying into the deed of sale the necessary part of the articles of partnership or by exhibiting the articles in the registry, and failure to do so may be an incurable defect in case the managing partner really had not the authority. The registrar is not bound by the fact that the managing

partner appeared for the partnership in the deed of purchase of the same property and that the defect was classified as curable. The position assumed in purchasing is distinct from that assumed in selling.

The facts are stated in the opinion.

*Mr. A. García Veve* for the appellant.

The respondent appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

There having been presented for record in the Registry of Property of Humacao a deed of purchase and sale executed before a notary public by Diego Agüeros & Company, Ltd., a mercantile partnership represented by its member Diego Agüeros as grantor, and by Arturo Palacios as grantee, the registrar refused to record it for the following reason:

"Record of this document is denied because the corresponding articles of partnership do not show the capacity and authority of the managing partner Agüeros to enter into the contract of purchase and sale."

The interested party took the present administrative appeal, contending that the deed should have been recorded with the curable defect of failure to show properly the powers of the managing partner, especially as it appeared from the registry itself that when the firm of Diego Agüeros & Company, Ltd., acquired the property in question the deed was executed by Diego Agüeros for the firm and was recorded in the registry with the curable defect of failure to show the capacity of the said Diego Agüeros as managing partner.

In our opinion the decision appealed from should be sustained. The previous classification of the defect as curable does not bind the registrar. The position of Agüeros in the purchase may be different from his position in the sale.

The defect pointed out by the registrar and admitted

by the appellant may be curable or incurable. If in fact Diego Agüeros had power to execute the instrument in the name of the firm, the defect could be cured by merely exhibiting the articles of partnership; but if he had no such power and the firm is not disposed to ratify the sale, then the sale would be an absolute nullity.

Under these circumstances we think that the registrar's decision should stand. If the documents are clear it would have been easier and more speedy and correct for the appellant to exhibit the articles of partnership in the registry, inasmuch as the notary did not copy into the deed of sale the necessary part of these articles, than to appeal to this Court.

The appeal must be dismissed.

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.